IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| JESSE FELAN, (TDCJ-CID #02156697) Petitioner, VS. LORIE DAVIS, Respondent. | § § § § § § § § § § § | CIVIL ACTION NO. V-18-0060 |

**MEMORANDUM AND OPINION**

Petitioner, Jesse Felan, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging a conviction in the 377th Judicial District Court of Victoria County, Texas. Respondent filed a motion for summary judgment and copies of the state court record. Felan has not filed a response, but he seeks leave to amend his petition. The threshold issue is whether Felan has presented meritorious grounds for federal habeas corpus relief. Based on the pleadings, the motions and briefs, the record, and the applicable law, the Court grants respondent's motion, denies Felan's petition, and enters final judgment dismissing the case by separate order. The reasons for these rulings are set out below.

**I. Background**

Felan pleaded guilty to the felony offense of evading arrest or detention. (Cause Number 17-06-30066-D). Felan also pleaded true to the enhancement paragraphs relating to prior convictions for burglary of a building in Cause Number 95-3-16,099-A and possession of a controlled substance in Cause Number 01-7-18,964-A. On August 23, 2017, the court sentenced Felan to five years

imprisonment. Felan waived his right to appeal. Felan filed an application for state habeas corpus relief on March 29, 2018, which the Texas Court of Criminal Appeals denied without written order on May 16, 2018.

On July 27, 2018, this Court received Felan's federal petition. Felan contends that his conviction is void for the following reasons:

(1) Counsel, Ashley Pall, rendered ineffective assistance during his plea proceedings when counsel coerced Felan into pleading guilty and failed to inform him of the consequences of his plea;

(2) The trial court committed error in applying the law to the facts of his case;

(3) There was insufficient evidence to support a finding of guilt; and

(4) The Texas Court of Criminal Appeals ("CCA") "did not answer the mix questions of law."

## II. The Applicable Legal Standards

This Court reviews Felan's petition for writ of habeas corpus under the federal habeas statutes, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254; *Woods v. Cockrell*, 307 F.3d 353, 356 (5th Cir. 2002); *Nobles v. Johnson*, 127 F.3d 409, 413 (5th Cir. 1997), citing *Lindh v. Murphy*, 521 U.S. 320 (1997).

Sections 2254(d)(1) and (2) of AEDPA set out the standards of review for questions of fact, questions of law, and mixed questions of fact and law that result in an adjudication on the merits. An adjudication on the merits "is a term of art that refers to whether a court's disposition of the case is substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000). A state-court determination of questions of law and mixed questions of law and fact is reviewed under 28 U.S.C. § 2254(d)(1) and receives deference unless it "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of

O:\RAO\KMH\2018\v18-0060.d01.wpd

2

the United States." *Hill v. Johnson,* 210 F.3d 481, 485 (5th Cir. 2000). A state-court decision is "contrary to" Supreme Court precedent if: (1) the state court's conclusion is "opposite to that reached by [the Supreme Court] on a question of law" or (2) the "state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" and arrives at an opposite result. *Williams v. Taylor,* 120 S. Ct. 1495 (2000). A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 1495. Questions of fact found by the state court are "presumed to be correct . . . and [receive] deference . . . unless it 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Hill,* 210 F.3d at 485 (quoting 28 U.S.C. § 2254(d)(2)).

A state court's factual findings are entitled to deference on federal habeas corpus review and are presumed correct under section 2254(e)(1) unless the petitioner rebuts those findings with "clear and convincing evidence." *Garcia v. Quarterman,* 454 F.3d 441, 444 (5th Cir. 2006) (citing *Hughes v. Dretke,* 412 F.3d 582, 589 (5th Cir. 2005) and 28 U.S.C. § 2254(e)(1)). This deference extends not only to express findings of fact, but to the implicit findings of the state court as well. *Garcia,* 454 F.3d at 444-45 (citing *Summers v. Dretke,* 431 F.3d 861, 876 (5th Cir. 2005); *Young v. Dretke,* 356 F.3d 616, 629 (5th Cir. 2004)).

While, "[a]s a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases," *Clark v. Johnson,* 202 F.3d 760, 764 (5th Cir.), *cert. denied,* 531 U.S. 831 (2000), the rule applies only to the

extent that it does not conflict with the habeas rules. Section 2254(e)(1) – which mandates that findings of fact made by a state court are "presumed to be correct" – overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the nonmoving party. Unless the petitioner can "rebut[ ] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct. *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002).

Felan is proceeding pro se. A pro se habeas petition is construed liberally and not held to the same stringent and rigorous standards as pleadings filed by lawyers. *See Martin v. Maxey*, 98 F.3d 844, 847 n.4 (5th Cir. 1996); *Guidroz v. Lynaugh*, 852 F.2d 832, 834 (5th Cir. 1988); *Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir. Unit A June 1981). This Court broadly interprets Felan's state and federal habeas petitions. *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999).

### III. The Claim as to the Voluntariness of the Guilty Plea

### (Ground 1)

Felan claims that his guilty plea is involuntary because counsel coerced him into pleading guilty and failed to adequately inform him of the consequences of his plea. Felan argues that his "plea was involuntary because of coercion, comfusion, and unconstitutionally ineffective and pressure from the trial court." (D.E. 1, p. 6). Felan states that he "would not have pled guilty to the felony charge of evading arrest detention with previous convictions, but would have insisted on going forward with his jury trial." (*Id.*).

A federal court will uphold a guilty plea challenged in a habeas corpus proceeding if the plea was knowing, voluntary and intelligent. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir.), *cert. denied*, 474 U.S. 838 (1985). A guilty plea is invalid if the defendant does not understand the nature

of the constitutional protection that he is waiving or if he has such an incomplete understanding of the charges against him that his plea cannot stand as an admission of guilt. *Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976). The critical issue in determining whether a plea was voluntary and intelligent is "whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect." *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991), *cert. denied*, 503 U.S. 988 (1992). If the record shows that the defendant "understood the charge and its consequences," this Court will uphold a guilty plea as voluntary even if the trial judge failed to explain the offense. *Davis v. Butler*, 825 F.2d 892, 893 (5th Cir. 1987).

A plea of guilty waives a number of constitutional rights. *United States v. Ruiz*, 536 U.S. 622, 628 (2002); *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969). Consequently, "the Constitution insists, among other things, that the defendant enter a guilty plea that is 'voluntary' and that the defendant must make related waivers 'knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences." *Ruiz*, 536 U.S. at 629 (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)); *accord Bousley v. United States*, 523 U.S. 614, 618 (1998) (a plea "is constitutionally valid only to the extent it is 'voluntary' and 'intelligent'") (quoting *Brady*, 397 U.S. at 748). A plea induced by threats, improper promises, deception, or misrepresentation is not voluntary. *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). A plea qualifies as intelligent when the criminal defendant enters it after receiving "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." *Bousley*, 523 U.S. at 618 (quoting *Smith v. O'Grady*, 312 U.S. 329, 334 (1941)).

In determining whether a plea is intelligent, "the critical issue is whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he

understood their technical legal effect." *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991). "The voluntariness of a plea is determined by 'considering all of the relevant circumstances surrounding it.'" *Fischer v. Wainwright*, 584 F.2d 691, 693 (5th Cir. 1978) (quoting *Brady*, 397 U.S. at 749). Courts considering challenges to guilty pleas "have focused on three core concerns: absence of coercion, the defendant's understanding of the charges, and a realistic understanding of the consequences of a guilty plea." *U.S. v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993). A realistic understanding of the consequences of a guilty plea means that the defendant knows "the immediate and automatic consequences of that plea such as the maximum sentence length or fine." *Duke v. Cockrell*, 292 F.3d 414, 416 (5th Cir. 2002). "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review." *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980) (*en banc*), *modified on other grounds*, 646 F.2d 902 (5th Cir. 1981).

Inmates who challenge their guilty pleas on collateral review must overcome a "strong presumption of verity" accorded "solemn declarations" made in open court. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). They must also overcome the presumption of regularity and "great weight" accorded court records. *See United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly); *Bonvillian v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that court records are "accorded great weight"); *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding that court records "are entitled to a presumption of regularity").

On August 23, 2017, Felan appeared in open court and entered a plea of guilty. The court admonished Felan as to the nature of the offense charged -- evading arrest or detention on April 30, 2017 -- and the punishment range. A review of the "Plea Memorandum," shows that Felan consented to an oral stipulation of the evidence and testimony. After stating that he understood the proceedings in the case, Felan confessed under oath that the allegations contained in the indictment were true and correct. (D.E. 11-2, pp. 80-81). Felan stated that the trial court had made the required admonishments and that he "understands the admonishments and is aware of the consequences of [his] plea." *Id.* at 80. He stated that he was "entering [his] plea freely and voluntarily without any threats or coercion" and that there had not been any promise made to induce him to plead which was not revealed to the court. *Id.* He waived his right to trial by jury on both guilt and punishment in writing in open court. *Id.* at 81. Finally, he stated that he was "totally satisfied with the representation given by [his] attorney in this case, and [he] was provided fully effective and competent representation." *Id.* at 80. Felan acknowledged through his signature, the following statement in the Plea Memorandum: "I have read this PLEA MEMORANDUM, including Exhibit A [the admonishments] and any attachments, understand all the information in it, am waiving the rights as stated in it, and swear that all the allegations of fact contained in it are true and correct." *Id.* at 83.

The trial court judge admonished Felan in writing in open court that he was pleading guilty to "Evading Arrest/Detention w/ Previous Conviction," a second-degree felony punishable by "imprisonment in the Texas Department of Criminal Justice for any term of not more than 20 years or less than 2 years, and in addition, a fine may be assessed not to exceed $10,000." *Id.* at 84. The judge also admonished Felan:

> The recommendation of the prosecuting attorney as to punishment is
> not binding on the court. The Court will inquire as to the existence of
> a plea bargain agreement between the State and the defendant and, if
> an agreement exists, the Court will inform the defendant whether the
> Court will follow or reject the agreement in open court and before any
> finding on the plea. Should the Court reject any such agreement, then
> the defendant will be permitted to withdraw the defendant's plea of
> guilty or nolo contendere.

*Id.* at 85.

In the "State's Punishment Recommendation," a checked box indicates that the "Punishment be assessed at: 5 years in the Institutional Division of the Texas Department of Criminal Justice." *Id.* at 79. Felan, his counsel, and the prosecuting attorney signed the agreement, agreeing that "the punishment recommendation outlined above may be considered by the Court when assessing punishment in this cause." *Id.*

The trial judge stated: "The Court then admonished Defendant as required by law. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea." *Id.* at 88. Felan entered his guilty plea voluntarily, and he understood the maximum prison term and fine for the offense charged. Felan entered his guilty plea after receiving these admonishments. *Id.* "Solemn declarations in open court carry a strong presumption of verity," forming a "formidable barrier in any subsequent collateral proceedings." *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998)(quoting *Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977)). Felan's signature indicates that he understood the nature of the charge against him and the consequence of his plea. These documents are entitled to a presumption of regularity under 28 U.S.C. § 2254(e), and this Court accords evidentiary weight to these instruments. *Carter v. Collins,* 918 F.2d 1198, 1202 n.4 (5th Cir. 1990).

On April 3, 2018, the state habeas court denied relief. (D.E. 11-2, p. 4). The Texas Court of Criminal Appeals also denied relief on Felan's claim for post-conviction relief. A state application that is denied without written order by the Texas Court of Criminal Appeals, as in the present case, is an adjudication on the merits. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (holding a "denial" signifies an adjudication on the merits while a "dismissal" means the claim was declined on grounds other than the merits). On habeas review, the federal courts are bound by the credibility choices made by the state court. *Hogue v. Johnson*, 131 F.3d 466, 505 (5th Cir. 1997). As a federal court in a habeas proceeding, this Court is required to grant a presumption of correctness to a state court's explicit and implicit findings of fact if supported by the record. *Loyd v. Smith*, 899 F.2d 1416, 1425 (5th Cir. 1990). The state court record fairly supports the explicit finding that Felan's statement was voluntary. The record shows that Felan voluntarily entered a guilty plea after consulting with counsel.

The state court's decision to deny relief was not contrary to clearly established federal law as determined by the Supreme Court of the United States. Felan's claim for habeas relief based on the involuntariness of his guilty plea lacks merit, and relief cannot be granted. 28 U.S.C. § 2254(d)(1).

**IV. The Claim of Ineffective Assistance of Counsel**

Felan claims that he did not knowingly and voluntarily enter his guilty plea because he did not receive effective assistance of counsel.

The longstanding test for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the

defendant." *North Carolina v. Alford,* 400 U.S. 25, 31 (1970); *see Boykin v. Alabama,* 395 U.S. 238, 242 (1969); *Machibroda v. United States,* 368 U.S. 487, 493 (1962).

In *Hill v. Lockhart,* 474 U.S. 52 (1985), the Supreme Court held that the two-part test set forth in *Strickland v. Washington,* 466 U.S. 668 (1984), applies to cases involving guilty pleas. To prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) his counsel's actions fell below an objective standard of reasonableness; and (2) the ineffective assistance of counsel prejudiced him. *Id.*; *Moawad v. Anderson,* 143 F.3d 942, 946 (5th Cir. 1998). A court may resolve a claim by finding either that counsel rendered reasonably effective assistance or that there was a lack of prejudice. There is no need to reach both components of the inquiry if the defendant makes an insufficient showing on one. *Strickland,* 466 U.S. at 697.

In assessing the reasonableness of counsel's performance, the Court must indulge a strong presumption that the performance falls within the "wide range of reasonable professional assistance" and that "the challenged action might be considered sound trial strategy." *Strickland,* 466 U.S. at 689; *Gray v. Lynn,* 6 F.3d 265, 268 (5th Cir. 1993). If counsel's action is based on well-informed strategic decisions, it is "well within the range of practical choices not to be second-guessed." *Rector v. Johnson,* 120 F.3d 551, 564 (1997)(quoting *Wilkerson v. Collins,* 950 F.2d 1054, 1065 (5th Cir. 1992), *cert. denied,* 509 U.S. 921 (1993)).

In the context of a guilty plea, prejudice is present if there is reasonable probability that absent counsel's errors, the defendant would not have entered a guilty plea and would have insisted on a trial. *United States v. Payne,* 99 F.3d 1273, 1282 (5th Cir. 1996); *Mangum v. Hargett,* 67 F.3d 80 (5th Cir. 1995), *cert. denied,* 516 U.S. 1133 (1996). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland,* 466 U.S. at 694.

Because Felan pleaded guilty to the offense, the relevant inquiry is whether counsel's performance interfered with Felan's ability to understand the nature of the charges against him and the consequences of his plea. Once a guilty plea has been entered, nonjurisdictional defects in the proceedings against the defendant are waived, including all claims of ineffective assistance of counsel except insofar as the alleged ineffectiveness relates to the voluntariness of the guilty plea. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir.), *cert. denied sub nom. Smith v. McKaskle*, 466 U.S. 906 (1984).

Felan claims that his counsel never told him about the consequences of his guilty plea. Respondent's summary judgment evidence shows that Felan stated, in court, in writing, that he understood the trial court's admonishments; fully understood the consequences of his guilty plea; and freely and voluntarily pleaded guilty. Felan also stated, in court, in writing, that he had discussed the contents of the court's written admonishments with his attorney and understood them, and he was satisfied with the representation trial counsel had provided. These documents are entitled to a presumption of regularity under 28 U.S.C. § 2254(e), and this Court accords evidentiary weight to these instruments. *Carter v. Collins*, 918 F.2d 1198, 1202 n.4 (5th Cir. 1990).

Felan has not satisfied the prejudice prong of *Strickland* based on the deficiencies he alleges in counsel's performance. Felan has failed to show that there was a reasonable probability that but for his alleged unprofessional errors, Felan would not have entered a guilty plea. Felan received a five-year prison term when he pleaded guilty. Felan has not shown that he would have insisted on a trial, which exposed him to a prison sentence ranging from two to twenty years. In the event of a trial, a jury would have learned about Felan's lengthy criminal history, including convictions for

burglary of a building in 1997, possession of a controlled substance in 2001, and aggravated robbery in 2003.

On habeas review, the state trial court found that Felan had voluntarily entered his guilty plea. The Texas Court of Criminal Appeals denied habeas relief. The state court's decision to deny relief was not contrary to clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1). Felan's claim for habeas relief based on the ineffective assistance of counsel lacks merit.

## V. The Claims Waived by the Guilty Plea

### (Grounds 2 & 3)

In ground two, Felan contends, "Applicant was harm [sic] by a trial court has no discretion to determine what the law is or in applying the law to the facts and consequently the trial court's failure to analyze or apply the law correctly is an abuse of discretion." In his state habeas application, Felan breaks the claim down into two distinct arguments: (1) there was insufficient evidence to support a finding of guilt and (2) the trial court erred in denying his request for a jury instruction on the lesser included offense of "fleeing or attempting to elude a peace officer." (D.E. 11-2, pp. 26-32). By entering a guilty plea, Felan waived his jury instruction claim, and any claim based on the trial court's error in applying the law to the facts of his case.

It is well established that a knowing and voluntary guilty plea is conclusive as to a defendant's guilt and waives all nonjurisdictional defects in the proceedings preceding the plea, including constitutional ones, that do not implicate the voluntariness of the guilty plea. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Because Felan's guilty plea was voluntarily and knowingly

made, Felan's constitutional claims are waived. *See Parke v. Raley*, 506 U.S. 20, 29 (1992); *United States v. Broce*, 395 U.S. 563, 569-70 (1989); *United States v. Boykin*, 395 U.S. 238, 243 (1969).

In ground 3, Felan contends that the evidence was insufficient to support his conviction. This claim was waived by Felan's voluntary guilty plea. *See Kelley v. Alabama*, 636 F.2d 1082, 1083 (5th Cir. 1981) (a petitioner who pleads guilty waives the right to challenge the sufficiency and reliability of the evidence, because the guilty plea itself stands as evidence against the petitioner). "No federal constitutional issue is raised by the failure of the Texas state court to require evidence of guilt corroborating a voluntary plea." *Smith v. McCotter*, 786 F.2d 697, 702 (5th Cir. 1986). Moreover, under Texas state law, a judicial confession is sufficient evidence of guilt in a case in which a defendant enters a guilty plea. *See Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009). Felan signed a judicial confession in which he admitted to committing the offense. (D.E. 15-3, p. 36). The evidence was therefore sufficient to support the conviction. Felan has not shown that the state court's rejection of this claim was unreasonable.

## VI. The State Habeas Court Error Claim

### (Ground 4)

In his fourth ground, Felan alleges that the Texas Court of Criminal Appeals "did not answer the mix [sic] questions of law." (D.E. 1, p. 7). The record shows that Felan did not appeal his conviction, and did not file a petition for discretionary review with the Texas Court of Criminal Appeals. Felan did, however, file an application for state post-conviction relief that was subsequently denied by the Texas Court of Criminal Appeals. Felan's claim is predicated on an error in state habeas proceedings.

The infirmities in state habeas proceedings on habeas review that Felan alleges do not constitute grounds for habeas relief in federal court. *Trevino v. Johnson,* 168 F.3d 173, 180 (5th Cir. 1999); *Hallmark v. Johnson,* 118 F.3d 1073, 1080 (5th Cir.), *cert. denied,* 118 S. Ct. 576 (1997); *see Nichols v. Scott,* 69 F.3d 1255, 1275 (5th Cir. 1995)("An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself."); *Morris v. Cain,* 186 F.3d 581, 585 n.6 (5th Cir. 1999). Felan has not asserted an error in the state habeas proceeding affecting the deference due the state court's findings in the habeas proceedings. Felan has not shown a basis for granting habeas relief.

## VII. Felan's Motion for Leave to Amend

After respondent filed a motion for summary judgment, Felan requested leave to amend his petition. The motion will be denied for reasons stated briefly below.

Motions to amend a habeas corpus petition are governed by Rule 15(a) of the Federal Rules of Civil Procedure. 28 U.S.C. § 2242 (an application for writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions."). Under Federal Rule of Civil Procedure 15(a), a party may amend his pleadings once as a matter of course at any time before a responsive pleading is served. In the present case, respondent filed a motion for summary judgment, responding to the petition. (DE. 10). Accordingly, leave of court is required. Fed. R. Civ. P. 15(a)(2).

Under Federal Rule of Civil Procedure 15(a)(2), applicable here, a party may amend his pleading only with leave of court. The rule provides that the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15. Where the proposed amendment would be futile, however,

denial of the motion for leave to amend is appropriate. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000). The denial of an opportunity to amend is within the discretion of the District Court. *Id.* In this case, the Court does not find justice requires that Felan be allowed to amend his pleading. Here, Felan fails to provide the Court with any proposed amendments or describe the untimely information he wishes to add to his petition for habeas corpus. Regardless, an amendment or supplement is not necessary to reach a decision on the merits of his claims.

The Court's review under 28 U.S.C. § 2254 is limited to the record in the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011) ("It would be contrary to [§ 2254's] purpose to allow a petitioner to overcome an adverse state-court decision with new evidence introduced in a federal habeas court and reviewed by that court in the first instance effectively *de novo*."). The Court finds that any additional information that Felan seeks to include in his petition is untimely and not necessary to evaluate the merits of his claims. The Court will review all of Felan's arguments and the relevant legal authority, regardless of whether he provides additional amendments to his petition. Moreover, Felan has failed to describe with specificity any additional evidence that would be helpful to the Court in deciding the merits of the habeas petition. Therefore, Felan's Motion for Leave to Amend is denied. (D.E. 12).

## VIII. Conclusion

Respondent's Motion for Summary Judgment is GRANTED. (D.E. 10). Felan's petition for a writ of habeas corpus is DENIED. This case is DISMISSED. Felan's motion to amend is DENIED. (D.E. 12). Any remaining pending motions are DENIED as moot.

The Supreme Court has stated that the showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000)). Under that standard, an applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000). Where a district court has rejected a prisoner's constitutional claims on the merits, the applicant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack,* 529 U.S. 484.

This Court denies Felan's petition after careful consideration of the merits of his constitutional claims. This Court denies a COA because Felan has not made the necessary showing for issuance. Accordingly, a certificate of appealability is DENIED.

SIGNED at Victoria, Texas, on September 25, 2019.

KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE